UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CR-00571-AGF |
| MICHAEL GRADY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

At present, Beau Brindley is counsel of record for defendant Michael Grady. On file and publicly available in the 28 U.S.C. § 2255 habeas action *Burris v. United States,* No. 4:23-cv-243-RWS (E.D. Mo.) is the attached "Declaration of Beau Brindley, Esq." (the "Declaration"), which Brindley signed under penalty of perjury. Burris filed the Declaration as an attachment to his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Burris offered the Declaration in support of his claim that Brindley operated under an actual conflict of interest, thus depriving him of the effective assistance of counsel while representing him in the matter. *United States v. Burris,* No. 4:17-cr-95-RWS-2 (E.D. Mo.).

Brindley's admissions in the Declaration are troubling. For example, Brindley admits that while representing Burris in *United States v. Burris,* he represented one Avendano-Guzman ("Avendano") in separate criminal matters in Illinois and Tennessee. Brindley admits that even though Avendano was needed as a witness for Burris, Brindley did not obtain his testimony in part because testifying for Burris was against Avendano's interests in the separate criminal matters.  Brindley admits he failed to discuss those interests with Burris, and explain the impact on his own conflict-of-interest consideration. Brindley also explains how the lack of Avendano's

testimony affected his questioning of a witness during Burris's trial, and admits "there was a whole line of helpful questioning for Mr. Burris that went unasked because I did not obtain the testimony of Mr. Avendano, which would have supported such questions." [Declaration at 4]. Brindley also admits that despite advising the Court that he would seek to bring Avendano from Chicago to St. Louis to testify for Mr. Burris, he never sought the writ.

The Declaration is a public record in an action in this United States District Court, and it is relevant to the case at bar because it raises genuine cause for concern about Brindley's ability to provide Grady with the effective representation guaranteed by the Sixth Amendment. The Court takes judicial notice of the "Declaration of Beau Brindley, Esq." *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

Because the Court has genuine cause for concern about Brindley's ability to provide Grady with the effective representation guaranteed by the Sixth Amendment, the Court finds it necessary to appoint counsel for Grady to advise him of the affidavit and help him decide whether to continue to proceed with Brindley as counsel in this matter. Counsel will inform Grady of the Declaration and provide a copy to him, explain Brindley's admissions in the Declaration, and discuss with Grady whether he wishes to continue to proceed with Brindley as counsel in this matter. The Court will appoint counsel via separate order.

The Court orders Brindley to provide Grady a copy of the Declaration and a copy of this Order, and to then provide the Court with notice, in writing and within 7 days of the date of this Order, that he has provided both documents to Grady.

Dated this 19th day of August, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE